# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID A. PEEL,

    Plaintiff,

v.

RED BERYL TRANSPORTATION INC.,
an Illinois Corporation, and
SERGI VOLOSHCHUK,

    Defendants.

Case No.
Hon.

---

DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, DAVID A. PEEL, by and through his attorneys *Fieger, Fieger, Kenney & Harrington, P.C.* and for his Complaint against the above-named Defendants, states:

## JURISDICTION

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, as Plaintiff and Defendants are citizens of different states.

{01744067.DOCX}

2. This matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

3. The Court has personal jurisdiction over all Defendants. An Illinois Corporation which does business in Michigan and Ohio, and a citizen of Illinois.

4. Venue and jurisdiction are properly vested in this court.

## PARTIES

5. Plaintiff, DAVID A. PEEL, is and was at all times alleged herein a citizen of Michigan, residing in Clio, Michigan.

6. Upon all information and belief, Defendant, RED BERYL TRANSPORTATION INC., is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 912 Ridge Sq., Apt. 304, Elk Grove Village, IL 60007, and does business in the State(s) of Michigan and Ohio. Its Resident Agent is Ievgen Nosenko, 221 Smethwick Ln., Elk Grove Village, IL 60007.

7. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC., was operating as a Federally Licensed Motor Carrier authorized to operate in Interstate Commerce under U.S. D.O.T. No. 3635777, and MC No. MC-1247404.

{01744067.DOCX}    2

8. Upon all information and belief, Defendant, SERGI VOLOSHCHUK, is a resident of the City of Chicago, State of Illinois.

9. At all times relevant, Defendant, SERGI VOLOSHCHUK, was the operator of a 2020 green Volvo Tractor, VIN# 4V4NC9EH1LN216029, Illinois Plate No. P1202853, with the RED BERYL TRANSPORTATION INC. placard and US DOT number 3635777, displayed on said vehicle.

10. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC, was the owner of a 2020 green Volvo Tractor, VIN# 4V4NC9EH1LN216029, Illinois Plate No. P1202853, with the RED BERYL TRANSPORTATION INC. placard and US DOT number 3635777, displayed on said vehicle.

11. At all times relevant, Defendant, SERGI VOLOSHCHUK, was operating said vehicle in the course of his employment, or as the agent, servant, and/or employee of Defendant, RED BERYL TRANSPORTATION INC.

12. At all times relevant, Defendant, SERGI VOLOSHCHUK, was operating a 2020 green Volvo Tractor pursuant to an employment agreement with Defendant, RED BERYL TRANSPORTATION INC.

13. At all times relevant, Defendant, SERGI VOLOSHCHUK, was the permissive driver of the 2020 green Volvo Tractor with the expressed or

{01744067.DOCX}  3

implied permission of the owner Defendant, RED BERYL TRANSPORTATION INC.

## COMMON ALLEGATIONS

14. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

15. On October 6, 2023, at approximately 11:00 p.m., Defendant, SERGI VOLOSHCHUK, was traveling northbound on I-280 near the 7.2-mile post in the City of Oregon, Ohio.

16. On October 6, 2023, at approximately 11:00 p.m., there was inclement weather of rain, and the road conditions were wet.

17. At all relevant times hereto, Defendant, SERGI VOLOSHCHUK, was traveling north on I-280 when he was traveling too fast for conditions and lost control of the tractor-trailer.

18. That after losing control of the tractor-trailer Defendant, SERGI VOLOSHCHUK, struck the center raised concrete median, causing it to break and throw concrete and debris into the southbound lanes of I-280.

19. Plaintiff, DAVID A. PEEL, was traveling southbound on I-280, and struck the concrete barrier debris causing him injuries and damages.

{01744067.DOCX}                                    4

20. That Defendant, SERGI VOLOSHCHUK, was given a citation for failing to maintain reasonable control of his vehicle while in inclement weather.

21. Defendant, SERGI VOLOSHCHUK, was negligent when he was driving too fast, and lost control of his tractor-trailer.

22. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK, owed Plaintiff, DAVID A. PEEL, and the public the duty to obey and drive in conformity with the duties embodied in the common law, and the Motor Vehicle Code.

23. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK, neglected to and/or failed to drive his vehicle in a reasonable manner when he unlawfully was driving too fast for conditions and lost control of his tractor-trailer causing plaintiff injuries and damages.

24. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK, failed to maintain control of his tractor-trailer such that he would avoid causing injury to Plaintiff, DAVID A. PEEL.

25. At all relevant times hereto, Defendant, SERGI VOLOSHCHUK, failed to pay proper attention to the roadway and/or failed to yield and/or failed to obey traffic rules, causing his tractor trailer to improperly and unlawfully leave the roadway striking the raised concrete

median, causing it to break and throw debris into the southbound lanes of I-280

26. Upon information and belief, Defendant, SERGI VOLOSHCHUK, had the express and/or implied consent and permission of Defendant, RED BERYL TRANSPORTATION INC., to drive said vehicle on said date.

27. Plaintiff, DAVID A. PEEL, did not engage in any negligent conduct in this matter and is not comparatively negligent.

## COUNT I
## NEGLIGENCE, WANTON AND/OR
## RECKLESS CONDUCT, AND/OR GROSS NEGLIGENCE
## DEFENDANT SERGI VOLOSHCHUK

28. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. At all times relevant hereto, and pursuant to state law, Defendant, SERGI VOLOSHCHUK, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, DAVID A. PEEL, while operating a tractor trailer on public roads.

30. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK, had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the above-

described collision, and particularly a duty to operate his tractor trailer in a manner so as not to inflict injury upon others and, in particular, upon Plaintiff.

31. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK, owed Plaintiff, the following duties in particular, and breached the same by:

  a. Failing to operate a motor vehicle upon the highway at a speed not greater than would be permitted;

  b. Failing, before turning from a direct line, to see that such movement could be made safely;

  c. Failing to drive said vehicle upon the highway at a careful and prudent speed;

  d. Failing to drive said vehicle upon the highway with due regard to other vehicles and to the traffic and surface conditions then and there existed;

  e. Failing to observe other vehicles, roadway conditions, and/or becoming distracted while driving upon a public roadway;

  f. Operating a vehicle recklessly and in willful or wanton disregard for the safety of persons causing injury;

  g. Failure to take evasive action so as to avoid a collision;

  h. Failing to drive a vehicle upon the highway with due regard to the traffic conditions then and there existed;

  i. Failing to timely use and/or apply the available brakes that the vehicle was equipped with;

  j. Driving in a careless and/or negligent manner;

  k. Failure to keep a sharp and careful lookout and to be attentive to existing traffic and weather conditions;

{01744067.DOCX} 7

l. Failing to maintain control of the vehicle;

m. Failing to drive as a reasonable and prudent person would under same or similar circumstances;

n. Driving in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results;

o. Failing to obey all applicable statutes and/or city ordinances;

p. All other breaches of duty identified by Defendant, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

q. Any and all other breaches that become known through litigation.

32. As a direct and/or the proximate cause of Defendant, SERGI VOLOSHCHUK's negligence, wanton and/or reckless conduct, and/or gross negligence, as set forth herein, Plaintiff, DAVID A, PEEL, sustained serious injuries and damages including, but not limited to, the following injuries:

a. Herniations at C2 through C6;

b. Compression fracture at C6;

c. Closed head injury;

d. Post-Concussion Syndrome;

e. Tingling and numbness in his left hand;

f. Headaches, eye pain, and ear pain;

g. Sensorineural hearing loss, bilateral;

h. Tinnitus, bilateral;

{01744067.DOCX}  8

     i. Impacted cerumen, bilateral;

     j. Extensive physical therapy and rehabilitation;

     k. Bruising, pain and suffering;

     l. Medical bills and equipment– past and future;

     m. Conscious pain and suffering;

     n. Denial of social pleasures and enjoyments;

     o. Emotional distress, anxiety, mental anguish, fright and shock;

     p. Permanent substantial deformity and disfigurement;

     q. Excess economic losses, including but not limited to excess replacement services, prescription and over the counter drugs and medical equipment and excess wage loss;

     r. Medical expenses in excess of any applicable no-fault benefits; and

     s. Other damages that may become known through the passage of time and/or the course of discovery.

33. At all times relevant, Plaintiff was free from any negligence contributing in whole or in part to the incident and resulting damages.

34. That prior to the occurrence of the accident, Plaintiff, DAVID A. PEEL, was a reasonably strong and healthy person who engaged in the normal activities of life.

35. As a further direct and proximate result of Defendant, SERGI VOLOSHCHUK's negligence, wanton and/or reckless conduct, and/or gross

negligence, Plaintiff, DAVID A. PEEL, was forced to seek extensive medical care and treatment.

36. As a further direct and proximate result of the Defendant, SERGI VOLOSHCHUK's negligence, wanton and/or reckless conduct, and/or gross negligence, Plaintiff, DAVID A. PEEL, suffers and will continue to suffer in the future, pain, humiliation, mental anguish, embarrassment, gross indignity and inconvenience because of the permanent nature of his injuries.

37. At the time of this incident, Plaintiff was remuneratively employed and has sustained considerable lost wages and will continue to sustain such wage loss in the future.

38. At all times relevant hereto, Defendant, SERGI VOLOSHCHUK's, conduct was so reckless so as to have a substantial disregard for whether injury would occur, amounting to wanton and/or reckless conduct, and/or gross negligence allowing for punitive damages to punish Defendants for their conduct.

39. At all times relevant, Defendant, SERGI VOLOSHCHUK, was acting within the course and scope of his employment and/or agency with Defendant, RED BERYL TRANSPORTATION INC., rendering Defendant, RED BERYL TRANSPORTATION INC., vicariously liable for Defendant,

{01744067.DOCX}                                10

SERGI VOLOSHCHUK's, negligent, wanton and/or reckless conduct, and/or gross negligence.

WHEREFORE, Plaintiff, DAVID A. PEEL, respectfully requests judgment in his favor and against Defendants in an amount deemed fair and just, including any punitive damages, and in excess of Seventy-Five Thousand ($75,000.00) Dollars to be more fully adduced at trial.

## COUNT II
## NEGLIGENT/RECKLESS ENTRUSTMENT
## DEFENDANT RED BERYL TRANSPORTATION INC.

40. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC., owned the tractor trailer involved in the incident described herein and above.

42. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC., had a duty to refrain from entrusting its tractor trailer to incompetent drivers.

43. Upon information and belief, at all times relevant, Defendant, SERGI VOLOSHCHUK, was not competent to safely operate Defendant, RED BERYL TRANSPORTATION INC.'s, tractor trailer.

{01744067.DOCX}  11

44. At the time Defendant, RED BERYL TRANSPORTATION INC., negligently, willfully and with reckless disregard for the safety of those on the public roadways, entrusted its tractor trailer to Defendant, SERGI VOLOSHCHUK, Defendant, RED BERYL TRANSPORTATION INC., knew or should have known that Defendant, SERGI VOLOSHCHUK, was not competent to operate its tractor trailer, all in violation of its duty to refrain from doing so.

45. At the date and location described above, Defendant, SERGI VOLOSHCHUK, did negligently and/or recklessly operate Defendant, RED BERYL TRANSPORTATION INC.'s, tractor trailer.

46. Defendant, SERGI VOLOSHCHUK's, negligent and/or reckless use of Defendant, RED BERYL TRANSPORTATION INC.'s, tractor trailer proximately caused Plaintiff's injuries and damages as described above.

47. As a direct and proximate result of Defendant, RED BERYL TRANSPORTATION INC.'s, negligent and/or reckless entrustment of its tractor trailer to Defendant, SERGI VOLOSHCHUK, Plaintiff sustained significant physical injuries and has and will continue to incur economic and non-economic damages as described above.

48. At all times relevant, Defendant, SERGI VOLOSHCHUK, was acting within the course and scope of his employment and/or agency with

Defendant, RED BERYL TRANSPORTATION INC., rendering Defendant, RED BERYL TRANSPORTATION INC., vicariously liable for Defendant, SERGI VOLOSHCHUK's, negligent, wanton and/or reckless conduct, and/or gross negligence.

WHEREFORE, Plaintiff, DAVID A. PEEL, respectfully requests judgment in his favor and against Defendants in an amount deemed fair and just, including any punitive damages, and in excess of Seventy-Five Thousand ($75,000.00) Dollars to be more fully adduced at trial.

## COUNT III
## NEGLIGENT/RECKLESS HIRING, RETENTION, AND/OR SUPERVISION DEFENDANT RED BERYL TRANSPORTATION INC.

49. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

50. Defendant, SERGI VOLOSHCHUK, was at all times relevant, an employee and/or agent of Defendant, RED BERYL TRANSPORTATION INC., over whom Defendant RED BERYL TRANSPORTATION INC., had the right of control.

51. As of the date of the incident involving Plaintiff, described above, Defendant, SERGI VOLOSHCHUK was not competent to safely

operate Defendant, RED BERYL TRANSPORTATION INC.'s, tractor trailer.

52. As of the date of the incident involving Plaintiff described above, Defendant, RED BERYL TRANSPORTATION INC., had actual or constructive knowledge that Defendant, SERGI VOLOSHCHUK, was not competent to safely operate Defendant, RED BERYL TRANSPORTATION INC.'s, tractor trailer.

53. Defendant, SERGI VOLOSHCHUK's, acts and omissions, described above, performed in the course and scope of his employment and/or agency with Defendant, RED BERYL TRANSPORTATION INC., proximately caused Plaintiff injuries, damages and losses as described above.

54. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC., had a duty to exercise reasonable care in the hiring, supervision, training, and retention of its employee and/or agent, Defendant, SERGI VOLOSHCHUK.

55. Defendant, RED BERYL TRANSPORTATION INC., negligently, willfully, and recklessly breached its duty of reasonable care in its hiring, supervision, training, and/or retention of Defendant, SERGI VOLOSHCHUK.

{01744067.DOCX}  14

56. As a direct and proximate result of Defendant, RED BERYL TRANSPORTATION INC.'s, negligent and reckless hiring, retention, supervision, and its failure to adequately train, supervise, and monitor Defendant, SERGI VOLOSHCHUK, Plaintiff sustained significant physical injuries and damages as described above.

57. Plaintiff sustained significant physical injuries, and has and will continue to incur economic and non-economic damages into the future, as described above.

WHEREFORE, Plaintiff, DAVID A. PEEL, respectfully requests judgment in his favor and against Defendants in an amount deemed fair and just, including any punitive damages, and in excess of Seventy-Five Thousand ($75,000.00) Dollars to be more fully adduced at trial.

## COUNT IV
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY
## DEFENDANT RED BERYL TRANSPORTATION INC.

31. Plaintiff hereby restates, realleges, and incorporates all the above paragraphs as if fully set forth herein.

32. At all times relevant, Defendant, RED BERYL TRANSPORTATION INC., was the statutory employer of Defendant, SERGI VOLOSHCHUK, under the Federal Motor Carrier Safety Regulations ("FMCSR") 49 CFR Parts 390-393 and 395 through 399, and is vicariously

{01744067.DOCX}  15

responsible for his negligent acts and omissions, his wanton and/or reckless conduct, and/or his gross negligence.

33. On October 6, 2023, Defendant, SERGI VOLOSHCHUK, was operating a tractor trailer on behalf of Defendant, RED BERYL TRANSPORTATION INC., and was engaged in intrastate and/or interstate commerce on behalf of and under the motor carrier authority granted to Defendant, RED BERYL TRANSPORTATION INC., by the Federal Motor Carrier Safety Administration.

34. At all times relevant, Defendant, SERGI VOLOSHCHUK, owed a duty to Plaintiff to exercise reasonable care and to observe all Federal Motor Carrier Safety regulations.

35. As a motor carrier Defendant, RED BERYL TRANSPORTATION INC., owed a duty to Plaintiff to maintain, operate and comply with the Federal Motor Carrier Safety Regulations at all times.

36. At all times relevant Defendants, were negligent, wanton and/or reckless, and or grossly negligent as stated above in Count I.

37. That as the statutory employer, Defendant, RED BERYL TRANSPORTATION INC., remains vicariously liable for the negligence, wanton and/or reckless, and or gross negligence of Defendant, SERGI VOLOSHCHUK.

38. As a direct and proximate result of Defendant, RED BERYL TRANSPORTATION INC.'s, vicariously liable, Plaintiff sustained significant physical injuries and damages as described above.

39. Plaintiff sustained significant physical injuries and has and will continue to incur economic and non-economic damages into the future, as described above.

WHEREFORE, Plaintiff, DAVID A. PEEL, respectfully requests judgment in his favor and against Defendants in an amount deemed fair and just, including any punitive damages, and in excess of Seventy-Five Thousand ($75,000.00) Dollars to be more fully adduced at trial.

                    Respectfully Submitted,
                    *Fieger, Fieger, Kenney & Harrington, P.C.*

BY:   */s/David A. Dworetsky*
       DAVID A. DWORETSKY (P67026)
       Attorneys for Plaintiff
       19390 W. Ten Mile Rd.
       Southfield, MI 48075
       (248) 355-5555
       d.dworetsky@fiegerlaw.com

Dated: February 24, 2025

{01744067.DOCX}

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. PEEL,
    Plaintiff,

                              Case No.
                              Hon.

v.

RED BERYL TRANSPORTATION INC.,
an Illinois Corporation, and
SERGI VOLOSHCHUK,
    Defendants.

---

DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES, Plaintiff, DAVID A. PEEL, by and through his attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and hereby demands a trial by jury in the above-captioned matter.

                              Respectfully submitted,

                              */s/ David A. Dworetsky*
                              DAVID A. DWORETSKY (P67026)
                              *Fieger, Fieger, Kenney & Harrington, P.C.*
                              Attorneys for Plaintiff
                              19390 W. Ten Mile Rd.
                              Southfield, MI 48075
                              (248) 355-5555
Dated: February 24, 2025      d.dworetsky@fiegerlaw.com

{01744067.DOCX}                              18