U0NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PEEL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RED BERYL<br>TRANSPORTATION INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 25-cv-10521<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND TO EXTEND THE SUMMONS (ECF NO. 11)

Plaintiff David Peel moves for alternate service and to extend the summons for Defendant Sergi Voloshchuk, an employee of Defendant Red Beryl Transportation Inc. ECF No. 11. He states that Cook County Sheriff's Department (CCSD) deputies tried to serve Voloshchuk four times at an address in Chicago, Illinois. ECF No. 11-1. All attempts to serve Voloshchuk failed. *Id*. Peel's motion includes a CCSD record detailing the unsuccessful service attempts. *Id.*

The Federal Rules of Civil Procedure allow that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Because Rule 4(e)(1) allows for service under the law of the state where the district court is located or where service is made, a Court addressing proper means of service must consult service rules for Michigan and Illinois. *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *7 (E.D. Mich. Sept. 24, 2019).

Under Michigan law, service on an individual may be accomplished by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

2

Mich. Ct. R. 2.105(A).  If a plaintiff shows that "service of process cannot reasonably be made," courts may authorize service in another manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(I)(1).

Illinois law authorizes service on an individual to be made:

> (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 Ill. Comp. Stat. 5/2-203(a).  A court may authorize service "in a manner consistent with due process" if the plaintiff shows "that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful."  *Id.* 5/2-203.1.

CCSD deputies made four unsuccessful attempts to personally serve Voloshchuk at 8701 W. Foster Ave., #104, Chicago, Illinois.  ECF No. 11-1.  All four attempts were made during the work week between 2:59 p.m. and 4:54 p.m.  *Id.*  The deputies reported that the main door was locked and that they rang a bell for unit 104, with no response.  *Id.*

These sparse facts do not show an inability to serve Voloshchuk despite reasonable efforts.  In the two sentences of his motion describing

3

his service efforts, Peel fails to explain Voloshchuk's connection to the Chicago address—let alone whether it is a residential or business address. Even assuming the address is Voloshchuk's residence, all four attempts to serve him were made during regular business hours when he was likely at work.  The deputies did not indicate that Voloshchuk's vehicle was at the residence or that they observed or heard people inside the building.  *See Trustees of Mich. Reg'l Council of Carpenters' Emp. Benefits Fund v. Modern Flooring Servs.*, No. 07-12555, 2007 WL 2128334 (E.D. Mich, July 25, 2007).  Thus, "[f]ailing to find [Voloshchuk] at the listed address on four occasions, by itself, raises no suspicion of evasive behavior on his part." *Id.*

    Peel's motion for alternate service is **DENIED WITHOUT PREJUDICE**.  But Peel's request to extend the summons is **GRANTED**; he must serve Voloshchuk by September 8, 2025.  The Clerk of the Court is directed to extend the summons.

                                            s/Elizabeth A. Stafford
                                            ELIZABETH A. STAFFORD
                                            United States Magistrate Judge

Dated: July 9, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2025.

                                              s/Davon Allen
                                              DAVON ALLEN
                                              Case Manager